Allen Murray Myers, J.
In a pending proceeding, instituted on May 4,1972, for relief under article 7-A of the Real Property Actions and Proceedings Law the petitioners are represented by an attorney associated with Mobilization For Youth Legal Services (MFY).
On or about May 25, 1972, an order was submitted to me for signature directed to one of the respondents, Jack Silverman and to the City of New York (not a party to this proceeding) to show cause why an order should not be entered to add the city as a “ co-respondent ” and “ staying the City of New York from enforcing * * * an order to vacate the premises * * * the subject of this proceeding”.
The proposed order to show cause that I was asked to sign, contained a provision staying the respondents and the city from 1 ‘ all actions and proceedings ’ ’ pending the determination of the motion.
Only a short affirmation by another attorney associated with MFY, was submitted in support of this application. Essentially *538 it stated that the City of New York “ is intending to effectuate and enforce a vacate order issued by the Department of Buildings on or about February 7,1972 ” and that this “ would render nugatory and wholly frustrate the intent of the RPAPL Article 7A statute.” No other information regarding the vacate order was furnished.
Since this court does not have the power to review, overrule and enjoin the Department of Buildings from issuing and enforcing a vacate order, such power being vested solely in the Supreme Court, I refused to sign the order to show cause and suggested an article 78 proceeding.
Thereafter I was informed bygone of the MFY attorneys that an article 78 proceeding had already been instituted in the Supreme Court and that after a full trial of the issues before Mr. Justice Arnold Fein the application was denied and the vacate order issued by the Department of Buildings was sustained. This information was deliberately omitted from the papers submitted to this court with the obvious intention of tricking the court into signing an order which would have given the petitioners the relief denied to them by the Supreme Court after a full trial of the issues!
This action was clearly a violation of canon 22 of the Canons of Professional Ethics which provides in part that, ‘ ‘ The conduct of the lawyer before the Court * * * should be characterized by candor and fairness. ’ ’
What makes this reprehensible conduct of the attorneys for the petitioners particularly repugnant is that the safety and lives of the occupants of the premises directed to be vacated were at stake.
Such action cannot be countenanced or condoned.
This is being published as a warning to all members of the Bar. Henceforth, any attorney who submits pápers to this court which deliberately fail to state what prior proceedings have taken place and deliberately withholds information to inveigle the court into making a decision it should not make, will be held in contempt of court and the papers together with all the pertinent facts will be submitted to the Grievance Committee of the Association of the Bar of the City of New York for appropriate action.